UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. RIDDLE,

      Plaintiff,

v.                                             CASE NO. 8:12-cv-512-T-23MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for review of the administrative denial of disability insurance benefits, period of disability, and supplemental security income (SSI). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). The Plaintiff contends the Administrative Law Judge (ALJ) erred by failing to properly evaluate his credibility, by incorrectly determining his RFC, and by failing to order an updated consultative examination. For the reasons stated below, I find the ALJ followed the regulatory scheme and substantial evidence supports the administrative decision.[1] Accordingly, I recommend the administrative decision be affirmed.[2]

---

[1] The standard of review here is limited to determining if the Commissioner's findings are supported by substantial evidence and whether the Commissioner's ultimate conclusions are legally correct. 42 U.S.C. § 405(g) and §1383(c)(3); *Richardson v. Perales*, 402 U.S. 389 (1971). "Substantial evidence" consists of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Notably, a reviewing court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against his decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

[2] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

*A. Background*

The Plaintiff filed applications for period of disability, DIB and SSI on October 31, 2008, alleging disability beginning September 30, 2007, due to a shattered knee and a slipped disc. (R. 160). The agency denied Plaintiff's applications initially, and on reconsideration, then the Plaintiff requested and appeared at a hearing before an ALJ on October 5, 2010. Thereafter, the ALJ issued a decision denying Plaintiff's claims (R. 12-22), and the Appeals Council denied Plaintiff's request for review (R. 1-3). The Plaintiff filed a complaint before this Court, and at this juncture, the Plaintiff has exhausted his administrative remedies and the case is now ripe for review.

Plaintiff, who was forty years old as of the date of the administrative hearing, has an eighth grade education and past relevant work as a lawn maintenance worker and crew chief, and a pipe layer (R. 35-37, 161, 190)). After consulting a vocational expert, the ALJ opined that he is capable of performing work at a sedentary exertional level, and able to perform jobs in the national and local economy including scale attendant, medical supply assembler, and bench assembler (R. 21).

*B. Discussion*

   *1. credibility*

The Plaintiff asserts that the ALJ erred by concluding that his complaints of pain and subjective symptoms were not credible. Specifically, the Plaintiff claims the ALJ failed to properly analyze her subjective complaints pursuant to this circuit's pain standard, and failed to assess the severity of the symptoms and effect on his ability to work.

The Plaintiff correctly noted that in this circuit, when a claimant attempts to establish a disability through subjective complaints of pain or other symptoms, he must show: 1) evidence of an underlying medical condition, and either 2) objective medical evidence that confirms the severity

2

of the alleged pain or other symptom arising from the condition, or 3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain or other symptom. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Review of the ALJ's decision shows he cited to 20 C.F.R. 404.1529 and properly applied the pain standard, and his determination is supported by substantial evidence. In evaluating the Plaintiff's subjective complaints, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, the Plaintiff's complaints were not entirely credible (R. 19). The ALJ considered the medical evidence, including ER and Dr. Smith's records, and found it did not support the Plaintiff's subjective complaints of back and leg pain. Medical records described Plaintiff as not in apparent distress, and Plaintiff self- reported an ability to bathe and dress himself without assistance. Though the Plaintiff claims the ALJ failed to examine the intensity, persistence or limiting effect of his pain and symptoms, the ALJ is only obliged to evaluate the intensity and persistence of any symptoms found credible, and is not obliged to do so when a claimant is found not credible. *See* 20 C.F.R. §§404.1529(c)(1), 404.1545(a)(1), 416.929(c)(1), 416.945(a)(1). Finally, the Plaintiff asserts the ALJ's finding that he has severe musculo-skeletal impairments is inconsistent with his decision to discredit Plaintiff's complaints of back and leg pain. I find no inconsistency. The ALJ followed the regulatory framework, opined that the medical evidence did not support the subjective allegations as to the severity of back and leg pain, and gave sufficient reasons for his conclusion. Accordingly, I find the ALJ's credibility determination is supported by substantial evidence.

    2. RFC

The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary

work requiring lifting twenty pounds occasionally and ten pounds frequently, sitting for six hours during an eight-hour day and standing/ walking for two hours during an eight-hour day, never climbing ladders/scaffolds, no crawling, occasional climbing, balancing, stooping, crouching and kneeling, unlimited pushing and pulling. The ALJ also restricted Plaintiff to avoid moving machinery, unprotected heights and hazards as well as exposure to wetness, humidity, vibration, and temperature extremes, and limited him to work involving simple routine repetitive tasks (R. 18). Plaintiff argues this RFC determination fails to include all of his impairments and resulting limitations, and asserts that the limitations "as testified to by [Plaintiff] are not incorporated whatsoever in Judge Cruz's RFC determination."

The regulations define RFC as the most work a person can do despite any limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a)(1). The ALJ must consider all impairments and the extent to which the impairments are consistent with medical evidence when assessing a person's RFC. 20 C.F.R. § 404.1529(a). The ALJ must also consider any medical opinions given by physicians, psychologists or other acceptable medical sources, which indicate the nature of a person's impairments. 20 C.F.R. § 404.1527(a)(2). However, the plaintiff "bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Additionally, the ALJ may determine that the plaintiff lacked credibility regarding his or her claims if substantial evidence supports this determination. *See* 20 C.F.R. § 404.1529. If the ALJ determines that the plaintiff lacks credibility, he or she "must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1561-1562 (11th Cir. 1995).

Here, as I already discussed, the ALJ expressed explicit reasons for determining Plaintiff's

subjective allegations of pain were not fully supported by the evidence of record (R. 19). After examining the record, the ALJ determined that Plaintiff records from the ER and Dr. Smith failed `to support Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his severe back and leg pain. In reaching this conclusion, the ALJ considered Plaintiff's activities of daily living indicating his ability to dress and bathe himself without assistance (R. 19) as well as the medical records describing him "in no apparent distress" and able to squat and walk heel-to-toe with only a mildly antalgic gait (R.19). Additionally, the ALJ noted that Plaintiff earned minimal income by collecting cans for recycling in 2008-2009, left his home each day, failed to seek medical treatment during the past several years (R. 38). Although Plaintiff contends that the ALJ erred by determining that Plaintiff's testimony lacked credibility, the ALJ's holding is sufficient as he has articulated the weight given to Plaintiff's testimony and the reason for that weight. *See* SSR 96-7p. Therefore, the ALJ's determination that Plaintiff maintained the RFC to perform sedentary work is support by substantial evidence.

### 3. medical treatment

Plaintiff maintains that the ALJ erredin assessing his credibility by citing his lack of medical treatment. Both the regulations and Eleventh Circuit law permit an ALJ to consider a claimant's medical treatment history, or lack thereof, when determining credibility. 20 C.F.R. § 416.929(c)(3)(v); *Ellison v. Barnhart,* 355 F.3d 1271, 1275 (11th Cir. 2000); *Dyer v. Barnhart*, 395 F.3d 1210, 1211 (11th Cir. 2005); *Wolfe v. Chater,* 86 F.3d 1072, 1078 (11th Cir. 1996); *Watson v. Heckler,* 738 F.2d 1169, 1173 (11th Cir. 1984). When failure to receive treatment is not the sole basis for the ALJ's decision to deny benefits, the ALJ has not committed reversible error if he has considered the Plaintiff's treatment history without considering his ability to afford treatment. *See*

5

*Radford v. Astrue.* 2011 WL 1832718, *8 (M.D. Fla. May 13, 2011) citing *Stratton v. Comm'r of Soc. Sec..,* 2010 WL 672841, *13 (M.D. Fla. Feb. 23, 2010). Here, the ALJ cited to other factors in reaching his credibility finding, and failure to receive medical treatment was not the sole factor the ALJ used to reach his negative credibility finding. Although the ALJ stated that "despite his allegations as to the severity of his impairment, the claimant has not sought recent medical attention," he clearly expressed other reasons, including Plaintiff's daily activities and medical evidence that were inconsistent with Plaintiff's subjective allegations of pain and impairments. Because the ALJ did not base his credibility finding solely on Plaintiff's lack of medical treatment, but rather on factors, he was not required to determine if Plaintiff was financially unable to seek treatment. *See Ellison, supra,* 355 F.3d at 1275.

Lastly, Plaintiff asserts that in light of the fact that he had not sought recent medical treatment, the ALJ should have ordered an updated consultative examination. The ALJ is "responsible for developing [the claimant's] complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [their] own medical sources." 20 C.F.R. §404.1545(a)(3); *Holliday v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988). "The ALJ is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is not necessary for an informed decision." *Nation v. Barnhart*, 153 Fed. Appx. 597, 598 (11th Cir. 2005).

Here, the ALJ reached his RFC assessment based on the evidence in the administrative record, including one hundred pages of medical records from treating physicians and three state agency consultants (R. 234-335). Though none of the treating or consultative physicians opined that

Plaintiff could not work and the ALJ found the treatment notes failed to support the severity of Plaintiff's pain allegations, the ALJ assigned "limited weight" to the non-examining consultants in light of the Plaintiff's subjective reports of pain, reducing the Plaintiff's RFC to sedentary range (R. 19). Accordingly, I find the ALJ met his duty to develop the record with Plaintiff's complete medical history, that his RFC determination is supported by substantial evidence, and that he did not err by failing to request a consultative examination.

### C. Conclusion

For these reasons, it is hereby

RECOMMENDED:

1. The Plaintiff's complaint be dismissed, and the Commissioner's decision be affirmed.

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

IT IS SO REPORTED at Tampa, Florida on January 25, 2013.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:     Hon. Steven D. Merryday

Counsel of Record